IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11335
Conference Calendar

_____


DAVE LELAND MATHONICAN, SR.,

                                        Plaintiff-Appellant,


versus


STATE OF TEXAS ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-1671
- - - - - - - - - -
April 17, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    The motion of Texas prisoner Dave Mathonican, Sr., #594269,

for leave to proceed *in forma pauperis* (IFP) on appeal is hereby

GRANTED.  The Prison Reform Act (PLRA) requires a prisoner

appealing IFP in a civil action to pay the full amount of the

filing fee, $105.  As Mathonican does not have funds for

immediate payment of this fee, he is assessed an initial partial

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

filing fee of $2, in accordance with 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, the remainder will be deducted from Mathonican's prison trust-fund account until the entire filing fee is paid. § 1915(b)(2).

IT IS ORDERED that Mathonican pay the appropriate filing fee to the clerk of the District Court for the Northern District of Texas. IT IS FURTHER ORDERED that the agency having custody of Mathonican's inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Northern District of Texas each time the amount in Mathonican's account exceeds $10, until the appellate filing fee is paid.

Mathonican raises numerous appellate contentions, all of which implicate the validity of his state-court conviction. He may not pursue his claims in an action under 42 U.S.C. § 1983 until his conviction has been invalidated or called into question by a grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Mathonican's appeal is frivolous.

APPEAL DISMISSED. 5TH CIR. R. 42.2.